UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 03-4652

TYREECE O. JEFFERSON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-02-59)

Submitted: December 18, 2003

Decided: January 22, 2004

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Joan A. Mooney, STILLER & MOONEY, P.L.L.C., Morgantown, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, John C. Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Tyreece O. Jefferson pled guilty to distributing a quantity of cocaine base (crack) in violation of 21 U.S.C. § 841 (2000), and was sentenced to a term of sixty-three months imprisonment. Jefferson contends on appeal that the district court clearly erred in making a two-level sentence enhancement for possession of a firearm. *See U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2002). We affirm.

On the day he was arrested, Jefferson directed a confidential informant seeking to make a controlled purchase of crack to meet him at Lakisha Washington's residence in Fairmont, West Virginia. When the confidential informant arrived, Jefferson emerged from the house, made the sale, and went back inside. An hour later, authorities executed a search warrant at the house. Only Washington and Brian Dodson were present. In the bedroom occupied by Washington's five-year-old daughter, they found plastic bags, two digital scales, $1000 in cash, a loaded 9mm pistol, nine grams of crack, an Ohio identification card that belonged to Jefferson and a Western Union receipt for $875 that had been wired to Jefferson.

Guideline section 2D1.1(b)(1) provides for a two-level increase in the defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed." Application Note 3 states that the enhancement is to be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Jefferson contested the enhancement and proffered at sentencing that he had been selling drugs in concert with Washington and Dodson, but had stayed at Washington's house only briefly a month prior to his arrest, had lost his identification card during that time, and did not know that a gun was present in the house. The district court determined that the evidence showed that Jefferson was selling drugs from Washington's house and that it was a reasonable inference that he had possessed the gun in connection with his drug offense. Because of the proximity of the firearm to the drugs in Washington's house, we conclude that the district court did not clearly err in determining that it was not clearly improbable that Jefferson possessed the gun in connection with the drug offense. *United States v. Harris*, 128 F.3d 850,

852 (4th Cir. 1997). We note that, even if the gun belonged to Dodson or Washington, their possession of a firearm in furtherance of the drug conspiracy was reasonably foreseeable to Jefferson and the court did not err in holding him responsible for it. *United States v. Nelson*, 6 F.3d 1049, 1056 (4th Cir. 1993).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*